**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Case No. 8:23-cv-00613-SCB-CPT

LANAI URRUTIA, individually and on
behalf of all others similarly situated,       CLASS ACTION

    Plaintiff,

v.

ADVANCE AUTO PARTS, INC.,

    Defendant.
_____/

**JOINT NOTICE OF SETTLEMENT IN PRINCIPLE AND MOTION TO STAY ACTION FOR THIRTY DAYS PENDING COMPLETION OF WRITTEN SETTLEMENT AGREEMENT**

Plaintiff Lanai Urrutia ("Plaintiff") and Defendant Advance Auto Parts, Inc. ("Defendant") (collectively, the "Parties") hereby jointly give notice that that they have reached a settlement in principle to resolve this action on an individual (non-class) basis and jointly move for an Order entering a short stay of all proceedings pending finalization of a written settlement agreement. In connection with ongoing settlement discussions, the Parties have reached a settlement in principle that will resolve Plaintiff's claims against Defendant and result in a dismissal of the action with prejudice. This individual settlement will obviate the need for further motion practice or litigation of this case, including resolution of Plaintiff's motion to remand.

1

To save this Court's and the Parties' resources, the Parties request a short stay of these proceedings (including all deadlines) for 30 days, so that the Parties can devote their resources to drafting, finalizing, and executing a settlement agreement that memorializes the settlement in principle ("Settlement Agreement") and then filing the appropriate Rule 41 notice of dismissal with prejudice, which will end this case.[1]

## MEMORANDUM OF LAW

Since the inception of this case, the Parties have engaged in multiple settlement-related discussions. On May 1, 2023, the Parties reached a settlement in principle, subject to the execution of a written Settlement Agreement, to settle this case on an individual basis and resolve Plaintiff's claims against Defendant. The Parties are diligently working together to draft and finalize a written Settlement Agreement that memorializes their settlement in principle. The Parties anticipate needing no more than 30 days to draft, finalize, and execute a Settlement Agreement in this case.

It is well settled that this Court has the authority to stay proceedings to manage its docket, based upon the circumstances of a particular case. *See, e.g., Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936); *Ferrari v. N. Am. Credit Services, Inc.*, 585 F. Supp. 3d 1334, 1338 (M.D. Fla. 2022).

Here, a short stay is particularly appropriate because the Parties have reached a settlement in principle. A stay is necessary so that the Parties can devote the requisite

---

[1] The case is currently stayed pending the Court's resolution of Plaintiff's motion to remand. The settlement obviates the need for the Court to resolve Plaintiff's motion to remand.

2

time to drafting, negotiating, and finalizing the Settlement Agreement, which will resolve this action in its entirety. After execution of the Settlement Agreement, Plaintiff will voluntarily dismiss this action with prejudice against Defendant.

A stay also will conserve the Parties' and the Court's resources. A stay will avoid the significant time and expense of motion practice and addressing case management issues. In addition, a stay will conserve the resources of the Court, because, once the Settlement Agreement is executed, the Court will not need to rule on Plaintiff's pending motion to remand, decide potential discovery motions, set a discovery schedule, address discovery-related motions, or otherwise take any other action in this case.

In short, because the requested stay will save considerable time and expense for the Parties as well as conserve the Court's resources, the Parties collectively request that the Court stay all deadlines in the case for a short period of 30 days, so that the Parties can memorialize their settlement in principle and then file the necessary Rule 41 notice of dismissal of this action with prejudice.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the Parties certify that they have conferred and jointly seek the relief requested in this motion.

| | |
|---|---|
| Dated: May 2, 2023 | Respectfully submitted, |

/s/ *Arun G. Ravindran*
Arun G. Ravindran
**HEDIN HALL LLP**
Arun G. Ravindran (FBN 66247)
aravindran@hedinhall.com
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Tel: (305) 203-4573
Fax: (305) 200-8801

*Attorneys for Lanai Urrutia*

s/ *Clay Carlton*
Clay M. Carlton, FL Bar No. 85767
clay.carlton@morganlewis.com
Javier A. Roldán Cora, FL Bar No. 1010311
javier.roldancora@morganlewis.com
Justin Stern, FL Bar No. 1010139
justin.stern@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

*Attorneys for Defendant Advance Auto Parts, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on May 2, 2023, via the Court's ECF system.

*/s/ Arun G. Ravindran*
Arun G. Ravindran